UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MARK EARL WHITE,

        Plaintiff,        Case No. 1:10-cv-1082

v.        Honorable Paul L. Maloney

CORRECTIONAL MEDICAL
SERVICES, INC. et al.,

        Defendants.
                                         /

## **OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendant Michigan Department of Corrections on the grounds of sovereign immunity. The Court will serve the complaint against Defendants Correctional Medical Services, Inc., William Nelson and Tom LaNore.

**Discussion**

    I.    Factual allegations

Plaintiff Mark Earl White presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Macomb Correctional Facility, though the actions he complains of occurred while he was housed at the West Shoreline Correctional Facility (MTF). Plaintiff sues Correctional Medical Services, Inc. (CMS), the MDOC, MTF Doctor William Nelson and MTF Physician's Assistant Tom LaNore.

According to the complaint, CMS and the MDOC have policies that permit their employees to treat only one ailment at a time and that intentionally delay treatments for serious medical needs. Plaintiff alleges that Defendant LaNore deliberately delayed treatment for Plaintiff's Hepatitis C. On January 15, 2009, when Plaintiff finally was permitted to see Defendant Dr. Nelson about his Hepatitis C, Nelson refused to discuss the diabetes symptoms that Plaintiff had been experiencing for several months. On February 5, 2009, Plaintiff was rushed to a local hospital with a blood sugar test result of over 1000. Plaintiff alleges that, because of the delay in treatment, he suffered for eight hours on an insulin drip and subsequently became an insulin-dependent diabetic. Plaintiff contends that Defendants were deliberately indifferent to his medical needs, resulting in a permanent injury to his health.

    II.    Sovereign Immunity

Plaintiff may not maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp.*

*v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *McCoy v. Michigan*, No. 08-1541, 2010 WL 841198, at *7 (6th Cir. Mar. 12, 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the MDOC.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendant Michigan Department of Corrections will be dismissed on the grounds of sovereign immunity, in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Correctional Medical Services, Nelson and LaNore.

An Order consistent with this Opinion will be entered.


Dated:   November 18, 2010          /s/ Paul L. Maloney
                                    Paul L. Maloney
                                    Chief United States District Judge