UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| MARK EARL WHITE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 1:10-cv-1082 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| CORRECTIONAL MEDICAL | ) | |
| SERVICES, INC., et al., | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff's *pro se* complaint arises from allegedly inadequate medical treatment received by plaintiff while he was incarcerated at the West Shoreline Correctional Facility in Muskegon County, Michigan, during the year 2009. By order entered November 4, 2010, the magistrate judge granted plaintiff leave to proceed *in forma pauperis*, requiring installment payments of the filing fee pursuant to 28 U.S.C. § 1915(b). Thereafter, process was served on defendants Correctional Medical Services, Nelson, and Lanore, the entity and persons allegedly responsible for plaintiff's inadequate medical treatment in the year 2009.

Presently pending before the court is a motion by defendants to revoke plaintiff's *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g), because plaintiff has on three or more prior occasions suffered dismissal of civil rights claims on the ground that the claim was frivolous, malicious, or failed to state a claim upon which relief can be granted. In support of the motion, defendants identify seven previous cases, which they contend were dismissed as frivolous or for

failure to state a claim. Defendants list is exaggerated, as it contains cases that were dismissed on motion for summary judgment or for lack of exhaustion and not as frivolous, malicious, or for failure to state a claim. The court has examined the docket sheets of each of the previously dismissed cases, however, and concludes that at least three previous dismissals qualify under section 1915(g): *White v. Caruso*, No. 1:08-cv-80 (W.D. Mich. Feb. 14, 2008); *White v. Caruso*, 1:08-cv-10057 (E.D. Mich. Mar. 17, 2008); *White v. Sixth Circuit Ct.*, 2:95-cv-71764 (E.D. Mich. June 23, 1995). Judge Arthur Tarnow of the Eastern District has already determined that plaintiff falls within this "three strikes" provision of section 1915(g). *White v. Saginaw County Jail*, No. 2:09-cv-13470 (E.D. Mich. Sept. 14, 2009) (attached as Ex. A to Defendants' Motion, docket # 24). On the present record, there can be no doubt that plaintiff is subject to section 1915(g) because he has filed at least three lawsuits that were previously dismissed as frivolous, malicious, or for failure to state a claim.

In response to defendants' motion to compel plaintiff to pay the filing fee, plaintiff has requested an extension of time to allow him to "gather medical facts and records to show imminent danger exception." (Motion, docket # 28). Petitioner's request for an extension of time is meritless, because any such argument would be futile. Section 1915(g) does indeed grant an exemption for an inmate who is "under imminent danger of serious physical injury." To qualify under this exemption, a plaintiff must allege facts showing "real and proximate" danger that exists at the time the complaint is filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008). A prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception. *Id.* In the present case, plaintiff is now incarcerated in a completely different prison -- the Macomb Correctional Facility -- located on the other side of the state. His claims for injunctive relief against the present defendants are therefore moot. If plaintiff is indeed under imminent danger of serious

physical injury, his redress lies against those who currently have control over his medical situation, not defendants located hundreds of miles away. Therefore, any effort that plaintiff might expend to gather facts supporting an exception to section 1915(g) will be unavailing in the present case.

In conclusion, section 1915(g) prohibits plaintiff from proceeding *in forma pauperis* in this action. The court will vacate the order granting *in forma pauperis* status and require plaintiff to pay the entire civil action filing fee, which is $350, within 28 days of the date of entry of this order. If plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the entire filing fee. *See In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).


Dated: May 11, 2011  /s/ Paul L. Maloney
                     Paul L. Maloney
                     Chief United States District Judge